IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - x

J. DOUGLAS PINNEY, ET AL.,

    *individually and on behalf of*
    *all others similarly situated,*
                        *Plaintiffs,*

    **v.**

NOKIA INC., ET AL.,
                        *Defendants*

Case No. _____

- - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG"), through its undersigned counsel, hereby removes this action from the Circuit Court for Baltimore County to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and respectfully states:

1.    This action involves allegations regarding wireless telephones and radio frequency emissions ("RF") generated by those telephones.

2.    In 2001, Plaintiffs J. Douglas Pinney, Patricia S. Colonell, and Linda Barrell filed a Class Action Complaint in the Circuit Court for Baltimore City, bearing number 24-C-01-001897.  On or about January 31, 2006, Plaintiffs filed a Second Amended Complaint.  The Second Amended Complaint names two new defendants, LG

Electronics Mobilecomm U.S.A., Inc. and Nextel Boost of the Mid-Atlantic, LLC ("Nextel Boost"), and two new plaintiffs, Gino Anthony Cammarata and Michael J. Haley, who replace former plaintiffs Patricia Colonell and Linda Barrell.

3.    As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because LG has satisfied the procedural requirements for removal, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the jurisdictional principles of the recently enacted Class Action Fairness Act ("CAFA").

## I.    DEFENDANT LG SATISFIES THE PROCEDURAL REQUIREMENTS FOR   REMOVAL.

4.    On information and belief, the Second Amended Class Action Complaint was filed on January 31, 2006 and served on LG on February 1, 2006.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.    The Circuit Court for Baltimore County is located within the Northern Division of the District of Maryland.  Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.    Pursuant to CAFA, LG need not obtain the consent of any other Defendant to remove this action.  *See* 28 U.S.C. § 1453(b).

7.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon LG, which papers include the summons and complaint, is attached as Exhibit A.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court for Baltimore City.

## II.    REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER    JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.    This case is subject to removal pursuant to CAFA.

10.    As set forth below, this is a putative class action in which: (a) there are 100 or more members in the Plaintiffs' proposed class; (b) at least some members of the proposed class have citizenship than that of some defendants; (c) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate; and (d) new class litigation was commenced for purposes of CAFA as to LG upon the filing and service of the Second Amended Complaint on February 1, 2006. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A.    The Proposed Class Consists of 100 Or More Members.

11.    In their complaint, Plaintiffs purport to represent a class of

a.  All purchasers or lessees of [wireless telephones] who are residents of the State of Maryland, and who were residents of the State of Maryland when they purchased or leased a [wireless telephone], in the State of Maryland, for their own use or for the primary use of their minor child, neither of whom have been diagnosed with a related injury and were not furnished a headset at the time they purchased or leased their [wireless telephone];

b.  "All purchasers or lessees of [wireless telephones] who were residents of the State of Maryland when they purchased or leased a wireless telephone], in the State of Maryland, for their own use or for the primary use of their minor child, neither of whom have been diagnosed with a related injury and were not furnished a headset at the time they purchased or leased their [wireless telephone] who now reside elsewhere for reasons unrelated to the causes of action in this case; and

c.  All future purchasers of [wireless telephones] in the State of Maryland, who are residents of the State of Maryland, and who have not been diagnosed with a [wireless telephone] related injury.

(Second Am. Compl. ¶ 44.)

12.     Based on these and other allegations, the aggregate number of class members of all proposed plaintiff classes is obviously greater than 100 for purposes of 28 U.S.C. 1332(d)(5)(B).

**B.     Diversity Of Citizenship Exists.**

13.     Plaintiff Haley is a citizen of the State of Maryland.  (Second Am. Compl. ¶ 13.)

14.     Plaintiff Cammarata is a citizen of the State of Maryland.  (Second Am. Compl. ¶ 14.)

15.     LG is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of California with its principal place of business at 10225 Willow Creek Road, San Diego, CA 92131 and, therefore, is a citizen of the State of California for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

16.     CAFA does not require complete diversity, but rather only that at least one proposed class member and one defendant are diverse.  As all three plaintiffs are diverse from at least one defendant, the jurisdictional requirement of minimal diversity is met. 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount-In-Controversy Requirement Is Satisfied.**

17.     Plaintiffs in this case allege that Defendants "failed to adequately disclose to the consuming public the fact that [wireless telephones] emit RFR that causes biological injury, creating a risk to the user's health."  (Second Am. Compl. ¶ 2.)

- 4 -

Plaintiffs seek "maximum legal and equitable relief from those corporations and entities that are responsible for producing and placing into the stream of commerce [wireless telephones], which create and cause these biological effects." (Second Am. Compl. ¶ 5.)

18.    Plaintiffs allege a claim for relief based on violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 *et. seq.*, breach of implied warranties, breach of implied warranty of merchantability, breach of express warranties, civil conspiracy, and civil battery. (Second Am. Compl. ¶¶ 143-200.) Among the requested damages, Plaintiffs ask for the cost of a headset for each putative class member, a wireless telephone that can be used with a headset for each class member without one, and punitive damages. (Second Am. Compl. ¶ 150.)

19.    The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. 1332(d)(6). Under this standard, Plaintiffs' claim meets the jurisdictional threshold.

20.    Plaintiffs seek damages on behalf of every person who ever bought a wireless telephone in the State of Maryland without a headset. (Second Am. Compl. ¶ 44). Furthermore, Plaintiffs request punitive damages pursuant to each claim. (Second Am. Compl. ¶¶ 150e, 168e, 175e, 182e, 196e, 200e.) Given the breadth of the class and the nature of the relief sought, the aggregate value of plaintiff's proposed relief would obviously exceed $5,000,000. Thus, the jurisdictional threshold is satisfied.

**D.    The Action Commenced After February 18, 2005.**

21.    CAFA applies to civil actions commenced after February 18, 2005. Because the instant action was commenced as to LG and Nextel Boost when Plaintiffs'

Second Amended Complaint was filed on February 1, 2006, CAFA applies. *See Adams v. Fed. Materials Co.*, No. 5:05CV-90-R, 2005 U.S. Dist. LEXIS 15324, at *13 (W.D. Ky. July 28, 2005); *see also Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) ("***the addition of a new defendant***, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes") (emphasis added); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005) ("***[a]mendments could in principle initiate litigation . . . a defendant added after February 18 could remove because suit against it would have been commenced after the effective date [of CAFA]***") (emphasis added).

22.    In *Adams*, defendants sought to remove, under CAFA, a putative class action originally filed in 2004 where plaintiffs filed a post-CAFA amended complaint adding a new party-defendant. *Adams*, 2005 U.S. Dist. LEXIS 15324, at *6-7. Defendants argued, and the court agreed, that the term commencement, under CAFA, should be construed from the point of view of each defendant, not the plaintiff. *Id.* at *16. Accordingly, the court concluded that "Plaintiffs' decision to add [the new defendant] presents precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA. This is both a logical extension of pre-existing removal practice and in keeping with the general intent of Congress in passing the CAFA - that is, extending the privilege of removal to federal district courts to defendants in large class actions on the basis of minimal diversity." *Id.* at *13-14.

- 6 -

23.     This is precisely the situation presented here. Plaintiffs added LG and Nextel Boost as defendants by way of an amended complaint. (Second Am. Compl. ¶ 15.) Plaintiffs served their Second Amended Complaint, naming LG and Nextel Boost as defendants for the first time, on February 1, 2006 – almost one year after the date upon which CAFA became effective. Consequently, the filing of the amended complaint opened "a new window of removal" to which CAFA's jurisdictional principles apply. *Adams*, 2005 U.S. Dist. LEXIS 15324, at \*12 (quoting *Knudsen*, 411 F.3d at 807).

**E.    The Court Should Resolve Any Questions Regarding Removal In Favor of Federal Jurisdiction**

24.     The Court should resolve any questions or ambiguities regarding LG's right to remove in favor of federal jurisdiction. CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. REP. 109-14, at 43 (2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

WHEREFORE, defendant LG respectfully removes this action from the Circuit Court for Baltimore County, bearing number 24-C-01-001897, this Court pursuant to §§ 1332, 1441, 1446 and 1453.

Dated this 17th day of February, 2006.

Respectfully submitted,

_____

Eric S. Parnes (D. Md. # 16209)
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006
Tel: 202-721-4699
Fax:  202-721-4646
parnes@hugheshubbard.com

Of Counsel:
Daniel H. Weiner
Josiah S. Trager
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
LG Electronics Mobilecomm U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February 2006, I caused a copy of the foregoing Notice of Removal to be served, by first-class, postage prepaid mail upon:

Brian A. Coleman
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, DC  20005-1208
*Attorneys for Cingular Wireless LLC, AT&T Corp., and SBC Communications, Inc.*

Seamus C. Duffy
Nancy Harris Marvel
Susan M. Roach
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
*Attorneys for Cingular Wireless LLC, AT&T Corp., and SBC Communications, Inc.*

Thomas C. Watson
Curtis S. Renner
WATSON & RENNER
1900 M Street, NW Suite 850
Washington, DC 20036-3307
*Attorneys for Cingular Wireless LLC, AT&T Corp., and SBC Communications, Inc.*

Mark H. Kolman
Deborah Goldstock Ringel
Kenneth B. Trotter
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
*Attorneys for Audiovox Communications Corporation a/k/a Audiovox Corporation*

Maureen E. Murphy
MURPHY & MURPHY, LLC
14 North Rolling Road
Catonsville, MD 21228
*Attorney for Baltimore Business Communications, Inc.*

John J. Nagle III
Rebecca A. Fleming
BODIE, NAGLE, DOLINA, SMITH & HOBBS, PA
21 West Susquehanna Avenue
Towson, MD 21204
*Attorneys for CEI, Inc.*

Charles L. Perry
ANDREWS KURTH LLP
11717 Main Street, Suite 3700
Dallas, TX 75201
*Attorney for Cellular One Group*

Thomas R. Kline
L. Eden Burgess
ANDREWS KURTH LLP
1701 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20006
*Attorneys for Cellular One Group*

Charles Babcock
David T. Moran
Ryan Wirtz
JACKSON WALKER LLP
901 Main Street, suite 6000
Dallas, TX 75202
*Attorneys for Ericsson Wireless Communications, Inc., a/k/a Ericsson, Inc.*

Gregg L. Bernstein
MARTIN, SNYDER & BERNSTEIN P.A.
217 East Redwood Street, Suite 200
Baltimore, MD 21201
*Attorney for Ericsson Wireless Communications, Inc., a/k/a Ericsson, Inc.*

Donald Segal
SEGAL, MccCAMBRIDGE, SINGER AND MAHONEY, LTD.
One IBM Plaza, Suite 200
Chicago, IL 60611
*Attorney for Matsushita Corporation of America a/k/a Panasonic Corporation*

Paul D. Krause
Laura N. Steel
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1341 G Street, NW
Washington, DC 20005
*Attorneys for Matsushita Corporation of America a/k/a Panasonic Corporation*

Michael E. Yaggy
Anthony M. Conti
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, MD 21209
*Attorneys for Motorola, Inc.*

Terrence J. Dee
Garrett Johnson
Michael Slade
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601
*Attorneys for Motorola, Inc.*

James P. Ulwick
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, MD 21202
*Attorney for NEC America, Inc.*

Ronald M. Cherry
Patrick R. Buckler
McGUIRE WOODS LLP
7 Saint Paul Street, Suite 1000
Baltimore, MD 21202
*Attorneys for Nextel Communications, Inc.*

Waller T. Dudley
McGUIRE WOODS *LLP*
1750 Tyson Boulevard, Suite 1800
McLean, VA 22102
*Attorneys for Nextel Communications, Inc.*

Edward M. Crane
Todd A. Frankel
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
*Attorneys for Nextel Communications, Inc.*

Steven M. Zager
AKIN GUMP STRAUSS HAUER & FELD LLP
711 Louisiana Street, 44th Floor
Houston, TX 77002
*Attorney for Nokia, Inc. a/k/a Nokia Mobile Phones, Inc.*

John B. Ibister
TYDINGS & ROSENBERG LLP
100 East Pratt Street
Baltimore, MD 21201
*Attorney for Nokia, Inc. a/k/a Nokia Mobile Phones, Inc.*

Raymond B. Biagini
Lisa M. Norrett
McKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
*Attorney for Philips Electronic North America Corporation*

Peter G. Angelos
H. Russell Smouse
John A. Pica, Jr.
LAW OFFICES OF PETER G. ANGELOS, P.C.
One Charles Center, 19th Floor
100 N. Charles Street
Baltimore, Maryland 21201
*Attorneys for Plaintiffs J. Douglas Pinney, M.D. and Patricia s. Colonell*

William F. Gately
HOWELL & GATELY
One Charles Center, 19th Floor
100 N. Charles Street
Baltimore, MD 21201
*Attorneys for J. Douglas Pinney, M.D. and Patricia S. Colonell*

4

Francis A. Citera
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
*Attorneys for Qualcomm, Inc. and Sony Electronics, Inc.*

George C. Doub
WILLIAM H. MURPHY & ASSOCIATES, P.A.
12 West Madison Street
Baltimore, MD 21201
*Attorney for Qualcomm, Inc. and Sony Electronics, Inc.*

John B. Isbister
Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
*Attorneys for Samsung Electronics America, Inc.*

James W. Bartlett, III
Andrew M. Winick
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
400 East Pratt Street, 7th Floor
Baltimore, MD 21202
*Attorneys for Sanyo North America, Inc.*

Paul D. Krause
Laura N. Steel
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1341 G Street, NW, Fifth Floor
Washington, DC 20005
*Attorneys for Sanyo North America, Inc.*

H. Michael O'Brien
Jason P. Sultzer
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
3 Gannet Drive
White Plains, NY 10604
*Attorneys for Sanyo North America, Inc.*

J. Stan Sexton
Madeleine M. McDonough
Douglas S. Beck
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
*Attorneys for Sprint PCS Limited Partnership a/k/a/ Sprint Spectrum, a/k/a Sprint formerly
known as Bell Atlantic-Maryland, Inc.*

Paul S. Schleifman
SHOOK, HARDY & BACON, LLP
Hamilton Square, Suite 800
600 14th Street, NW
Washington, DC 20005
*Attorneys for Sprint PCS Limited Partnership a/k/a/ Sprint Spectrum, a/k/a Sprint formerly
known as Bell Atlantic-Maryland, Inc.*

Paul F. Strain
M. King Hill, III
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201
*Attorneys for Cellco Partnership d/b/a Verizon Wireless*

Jane Fugate Thorpe
Scott A. Elder
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
*Attorneys for Cellco Partnership d/b/a Verizon Wireless*

John H. Beisner
Brian P. Brooks
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
*Attorneys for Cellco Partnership d/b/a Verizon Wireless*

Charles P. Goodell
GOODELL, DEVRIES, LEECH & GRAY
One South Street, Suite 2000
Baltimore, MD 21202
*Attorney for VoiceStream Wireless Corporation*

Eugene A. Schoon
Tamar B. Kelber
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
One South Dearborn
Chicago, IL 60603
*Attorneys for VoiceStream Wireless Corporation*

Paul E. Freehling
SEYFARTH SHAW LLP
55 East Monroe Street
Suite 4200
Chicago, IL  60603-5803
*Attorneys for Telecommunications Industry Association*

Robert B. Green
IRWIN GREEN & DEXTER LLP
301 West Pennsylvania Ave.
Towson, MD  21204
*Attorneys for CTIA –The Wireless Association® (formerly known as Cellular Telecommunications Industry Association)*

Eric S. Parnes